IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TOMMY SHARP,

      Plaintiff,

vs.                                                   No. CV 21-00705 JCH/KBM

U.S. SUPREME COURT
(ALL 9 JUSTICES),

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the complaint filed by Plaintiff Tommy Sharp on July 29, 2021. (Doc. 1). The Court will dismiss the complaint on the grounds that it seeks monetary damages against defendants who are immune from relief and the allegations fail to state a claim for relief and are frivolous.

Plaintiff Tommy (Donald Thomas) Sharp filed his complaint in this Court on July 29, 2021. (Doc. 1).[1] Sharp names, as Defendants "U.S. Supreme Court (All 9 Justices)". (Doc. 1 at 1). Sharp's complaint alleges, in its entirety:

> "Plaintiff submitted conclusive evidence of treason and other crimes by the State of New Mexico elected officials to all supreme court justices, and requested action. The Misprision of Treason law requires the reporting of treason to a judge of the United States, 18 U.S.C. 2382; or the treason witness can get 7 years in prison for not reporting treason. Judges are required to act upon the treason evidence and not cover up or ignore the evidence. IF the judge ignores the evidence, the judge commits the crime of misprision of treason and becomes culpable in the treason as an accomplice in a conspiracy to cover up treason.
>       Justice Clarence Thomas' aid responded to the Plaintiff's

---

[1] Plaintiff Sharp is an abusive litigant who has filed in excess of 40 cases in the Court since July 1, 2021. The Court has imposed filing restrictions and strikes under 28 U.S.C. § 1915(g). See *Sharp v. State of New Mexico*, No. CV 21-00700 WJ/SMV, Doc. 29.

>   evidence and complaint.  The gist of the response was that the Plaintiff does not have standing.  This is evidence of the cover up by the supreme court.
>   Plaintiff is suing for damages and action by the supreme court to stop the New Mexico and U.S. Racketeering Influenced Corrupt Organization.  Supreme court justices are citizens of the U.S. and the laws apply to them just like everyone else.
>   Therefore the Plaintiff seeks damages for the U.S. Supreme Court's dereliction of their duty as judges by not doing anything about treason and the RICO activities.
>   Plaintiff seeks to force the U.S. Supreme Court to do its duty to God and country and arrest the RICO perpetrators.  Evidence can be found in Exhibits 1 through 8, 1st District Court of New Mexico, State of New Mexico v. Sharp, 2020.
>   Plaintiff seeks $100 million in damages against the supreme court for their involvement in the conspiracy to overthrow the government of the U.S., RICO Act conspiracy, and treason against the people of the U.S."

(Doc. 1 at 1-2).

The United States Code requires this Court to screen the complaint in any civil action where a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Section 1915A of Title 28 provides:

>   "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>       (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>       (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(b).  In this case, Plaintiff Sharp seeks monetary relief from the Justices of the United States Supreme Court who are judicial officers of a governmental entity.  Therefore, the case is subject to preliminary screening under § 1915A.

Sharp's damages claims are against judicial officers acting as judges. (Doc. 1 at 1-2).  The claims are clearly barred by absolute judicial immunity.  *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009).  It is well settled that the doctrine

of judicial immunity is applicable in actions such as the case at bar. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

Sharp seeks to recover damages against all nine U.S. Supreme Court Justices for acts that were unquestionably made in the exercise of judicial discretion. "Plaintiff seeks damages for the U.S. Supreme Court's dereliction of their duty as judges." (Doc. 1 at 2). Any damages claims against the Justices of the Supreme Court are barred by absolute judicial immunity. *Harlow v. Fitzgerald,* 457 U.S. at 807.

Further, to the extent Sharp asserts any claims for relief other than monetary damages, those allegations fail to state any claim for relief and are frivolous. Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th

Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Id.*

A claim is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon,* 935 F.2d at 1108 (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A determination of factual frivolousness is appropriate when the factual allegations rise to the level of irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). A delusional scenario will justify a 1915(d) dismissal for factual frivolousness. *See Neitzke v. Williams,* 490 U.S. at 327-28.  Dismissal is appropriate for a claim based on an indisputably meritless legal or factual theory. *Neitzke v. Williams*, 490 U.S. at 325–30; *Johnson v. Raemisch*, 763 F. App'x 731, 733 (10th Cir. 2019).

Plaintiff Sharp's complaint is wholly lacking in either legal or factual merit and is frivolous. *Neitzke v. Williams*, 490 U.S. at 325–30. It does not state any claim for relief that is plausible on the face of the complaint.  *Twombly*, 550 U.S. at 570.  The complaint lacks any arguable legal basis and contains irrational factual allegations. *Denton v. Hernandez,* 504 U.S. at 33.  Therefore, any claims for relief in Sharp's complaint are subject to dismissal under § 1915A(b).

Pending before the Court are Plaintiff Sharp's Motion for Summary Judgment (Doc. 7) and Second Motion for Summary Judgment (Doc. 8).  The Court will deny the two Motions as moot in light of the dismissal of this case.[2]

**IT IS ORDERED:**

---

[2] The Second Motion for Summary Judgment appears to be related to another case, *Sharp v. Biden*, but bears the case number for this case, CV 21-705.

**(1)** Plaintiff Sharp's Motion for Summary Judgment (Doc. 7) and Second Motion for Summary Judgment (Doc. 8) are **DENIED** as moot; and

**(2)** the complaint filed by Plaintiff Tommy Sharp on July 29, 2021 (Doc. 1) is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b).

_____
SENIOR UNITED STATES DISTRICT JUDGE